7:15-cv-1023 (DNH/TWD)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF LEWIS

| | |
|---|---|
| KEVIN A. WARD, SR. and PAMELA WARD, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF KEVIN A. WARD, JR., DECEASED | Index No.: *CA2015-000280* |
| Plaintiffs, | Date Filed: *8/7/2015* |
| v. | **SUMMONS** |
| ANTHONY WAYNE STEWART, | |
| Defendant. | |

To the above named Defendant:

ANTHONY WAYNE STEWART
Hidden Hollow Ranch
Columbus, Indiana

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be taken against you by default for the relief demanded in the complaint.

VENUE:  Plaintiffs designates Lewis County as the place of trial.  The basis of venue is that the Plaintiffs reside in Lewis County and were named Co-Administrators of Kevin A. Ward Jr.'s estate in Lewis County.

Dated: New York, New York
     August 4, 2015              THE LANIER LAW FIRM

                                          W. MARK LANIER, ESQ.
                                          JUDSON WALTMAN, ESQ.
                                          RICHARD D. MEADOW, ESQ.
                                        EVAN M. JANUSH, ESQ.
                                          126 East 56th Street, 6th Floor
                                          New York, NY 10022
                                          (212) 421-2800
                                          (212) 421-2878 (f)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF LEWIS

| | |
|---|---|
| KEVIN A. WARD, SR. and PAMELA WARD, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF KEVIN A. WARD, JR., DECEASED | Index No.: |
| Plaintiffs, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| v. | |
| ANTHONY WAYNE STEWART, | |
| Defendant. | |

      Plaintiffs Kevin A. Ward, Sr. and Pamela Ward, Individually and as Administrators of the Estate of Kevin A. Ward, Jr., Deceased ("Plaintiffs"), by and through their attorneys, The Lanier Law Firm, respectfully allege at all times mentioned herein that:

## THE PARTIES

      1.    Kevin A. Ward, Sr. and Pamela Ward reside at 3501 Kelpytown Road, Port Leyden, NY 13433, Lewis County, State of New York, and they have been appointed Co-Administrators of the Estate of Kevin A. Ward, Jr. ("Plaintiffs"). Plaintiffs bring this action individually, and as administrators of the Estate of Kevin A. Ward, Jr., to hold Defendant Anthony Wayne Stewart ("Tony Stewart" or "Stewart") accountable for injuring and killing their son on August 9, 2014.

      2.    Defendant Tony Stewart is an individual whose principal residence is located at Hidden Hollow Ranch in Columbus, Indiana, where he may be served with process.

1

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.      On August 9, 2014, Tony Stewart killed Kevin A. Ward, Jr., and, in doing so, Tony Stewart took away a son from Kevin and Pamela Ward.

4.      Kevin A. Ward, Jr. started racing at four years of age.  Under the watchful eye of his father and biggest fan, Kevin Ward, Jr. began racing go-karts around small tracks in Upstate New York.  Racing became young Kevin's passion – a passion that would stay with him for the rest of his short life.

5.      Kevin A. Ward, Jr. moved up as he aged, racing still bigger and faster cars on bigger and faster tracks. He was successful at every level of competition. At the time of his death on August 9, 2014, Kevin was racing Empire Super Sprints. Notably, in 2010, Kevin was named Rookie of the Year for the Empire Super Sprint series.

6.      Super Sprints run on a banked circular track that is one half mile in length.  The races consist of 25 laps, for a total of 12.5 miles.   There are various elimination heats before the final race, which determines the winner.

7.      Prior to racing, the drivers agree to certain rules and regulations which govern the sport. Many of the rules and regulations exist for the safety of the drivers. If there is a crash or disabled car or other hazard, the drivers are put under caution via both a yellow flag and oral admonishment through a one way radio headset whereby race officials can communicate with the drivers. Upon information and belief, there are also yellow lights located throughout the track's infield alerting drivers of a caution. When under caution the drivers must slow down and move away from the hazard by either moving higher on the track or lower depending on where the hazard is located on the track.

2

8.    Tony Stewart is an internationally known, successful race car driver. Stewart is one of the foremost stock car racing drivers in the world, who is currently sponsored by no less than 30 major corporations.

9.    Primarily, Stewart is a NASCAR driver who competes in various NASCAR events, but has also found success in Indy racing. Stewart is the only driver in history to win a championship in both NASCAR and IndyCar.

10.    Unfortunately, Stewart is also known for his temper and outbursts, both on and off the race track.

11.    Despite his success at NASCAR and IndyCar, Stewart still raced Super Sprint events on occasion.

## AUGUST 9, 2014

12.    On August 9, 2014, Tony Stewart and Kevin Ward, Jr. raced in the final race of the Super Sprint event at Canandaigua Motorsports Park in upstate New York for the Super Sprint event.

13.    During the aforesaid final race on August 9, 2014, Tony Stewart killed Kevin Ward, Jr.

14.    Prior to the final race on August 9, 2014, both Ward and Stewart had to complete one 8 lap qualifier race.

15.    The final race featured 24 cars racing for 25 laps and the chance for one of them to be crowned the winner.

16.    Upon information and belief, in the 14th lap of the race between turns 1 and 2, at the apex of the turn, Tony Stewart's car made contact with Kevin A. Ward, Jr.'s car, causing Ward to crash into the wall at the high side of the track.

3

17.     Upon information and belief the track was already under yellow caution just prior to and/or before the contact referenced above that caused Ward to crash into the wall - due to a disabled vehicle in turn number 3.

18.     While the race was under a caution, Kevin Ward, Jr. exited his vehicle and made his way a short distance down the track on foot.  While the race was under a caution flag, 13 other cars passed Ward on the low side of the track before Stewart made his way all the way around the track to the point where he was approaching Kevin A. Ward, Jr. – and 6 cars safely passed Ward while he was standing on the track.

19.     Unlike the other race car drivers who had just passed by Kevin A. Ward, Jr., instead of going low on the track per the regulations of the event, Stewart came up the track directly toward Kevin Ward, Jr.

20.     As Stewart's car approached Ward, who was standing on the track, Stewart climbed up, gunned his engine, causing his 700 horsepower vehicle to slide and strike Ward with his right rear tire, crushing Ward and flinging his body an estimated 25 feet down the track.

21.     When Stewart ran over Kevin A. Ward, Jr., Ward suffered massive injuries, including blunt force trauma to his chest resulting in a transected aorta, transected cervical spinal cord, crushed ribs, and a hemothorax. Tragically, these injuries proved fatal.

22.     Upon information and belief, all other drivers who passed by Ward while he was standing on the track, easily were able to see and avoid Ward.

23.     Defendant Stewart is an expert race car driver with supreme skill and control over his vehicle.

4

24.     Defendant Stewart could have easily acted reasonably and with prudence to avoid striking Ward, just as all other drivers had done as they passed Ward during the yellow caution flag.

25.     Stewart acted with disregard for Ward's life and safety by driving his vehicle in a manner that would terrorize Ward and thereafter strike, severely injure and kill Ward.

26.     Stewart's conduct, by gunning his engine on a track that had been under caution for an extended period of time proximately caused the harm suffered and death of Plaintiffs' decedent herein.

27.     At all times herein, Defendant Stewart was engaged in the business of being a professional race car driver.

28.     At all times herein, Defendant Stewart was gifted with unique race car driving skills and possessed extreme skill and control over his race car.

29.     At all times herein, Defendant agreed to abide by the customs and norms of race car driving, which included how to prudently and safely operate a race car during a yellow caution.

30.     Defendant Stewart committed acts of omission and commission, which collectively and severally constituted negligence and/or recklessness.

31.     Defendant Stewart's negligence and/or recklessness was a proximate cause of the death, personal injuries, and other damages suffered by Decedent and his Estate.

32.     The negligence and/or recklessness of the Defendant, Tony Stewart, and his violation of reasonable and prudent standards of a race car driver (standards that were

5

followed by all other passing drivers), caused Stewart to run over Ward, and resulted in Decedent Kevin A. Ward, Jr., to undergo terror before being severely injured and suffering extreme pain, and ultimately death.

33.     The personal injuries and death sustained by Ward were caused solely by the negligence and/or recklessness of the Defendant and without any negligence on the part of the Plaintiff Decedent contributing thereto.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH

34.     The allegations set forth in paragraphs 1 through 33 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

35.     On August 9, 2014, Decedent Kevin A. Ward, Jr. was a driver in the Super Sprint race.

36.     As a result of the aforementioned acts and omissions of Defendant Stewart, Decedent Ward, suffered a wrongful death when Stewart accelerated during a caution, thereby striking, injuring and killing Ward in the incident complained of herein.

37.     At the time of his death, Decedent Kevin A. Ward, Jr. suffered serious injuries to various parts of his body, and suffered great pain and anguish in body and mind from the time of the occurrence to the time of his death.

38.     At the time of his death, Kevin Ward, Jr., was 20 years of age.

39.     Prior to his death, Decedent, Kevin Ward, Jr., was an able bodied man who devoted himself to the welfare and comfort of his family, who contributed substantially to the comfort, support and wellbeing of his adult parents, who worked regularly for his father's business – and who, but for being killed, would have one day taken over his father's business.

6

40.     At all times herein, the Plaintiffs were father and mother of Decedent,

Kevin A. Ward, Jr., Plaintiffs are/were entitled to the services and society of the

Decedent, Kevin A. Ward, Jr. Plaintiffs are/were responsible for the care, maintenance

and medical expenses of the Decedent, Kevin A. Ward, Jr.

41.     That by virtue of the foregoing, Decedent's next-of-kin have incurred

funeral and burial expenses, have been deprived of the support of the Decedent, deprived

from his earnings, have been deprived of the pecuniary value of the comfort,

companionship, services, nurturing, love, guidance, influence, advice, and affection of

the Decedent, all of which damages far exceed the jurisdictional limits of all lower courts.

## SECOND CAUSE OF ACTION:
## TERROR PAIN AND SUFFERING PRIOR TO DEATH

42.     The allegations set forth in paragraphs 1 through 41 of this Complaint are

re-alleged and incorporated by reference as if fully set forth herein.

43.     That by reason of the aforesaid occurrence and the injuries which he

sustained, Decedent Kevin A. Ward, Jr. was caused to suffer grievous pain and agony and

mental anguish from the time of the accident until the time of his death, which resulted

from the injuries he sustained.

44.     Had Decedent Kevin A. Ward, Jr. survived the subject incident, he would

have been entitled to bring and action for damages, and such action has survived his

death.

45.     That by virtue of the foregoing, the Decedent experienced extreme terror,

and excruciating pain and suffering prior to his death, all to his damage in a sum far in

excess of the jurisdictional limits of lower courts.

**THIRD CAUSE OF ACTION: INTENTIONAL/RECKLESS CONDUCT**

46.     The allegations set forth in paragraphs 1 through 45 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

47.     That the conduct of the Defendant of sliding his car/climbing upwards towards Decedent and hitting the gas despite the fact that there was yellow caution, was wanton, reckless and malicious, and that such action proximately caused severe physical injury and ultimately the death of Kevin A. Ward, Jr.

48.     That by virtue of the foregoing, the Decedent experienced extreme terror, and excruciating pain and suffering prior to his death, all to his damage in a sum far in excess of the jurisdictional limits of lower courts.

**FOURTH CAUSE OF ACTION: GROSS NEGLIGENCE**

49.     The allegations set forth in paragraphs 1 through 47 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

50.     Defendant Stewart had a duty to operate his vehicle in a reasonably safe manner, particularly during a yellow caution.

51.     Defendant Stewart breached his duty to operate his vehicle in a reasonably safe manner by wantonly, willfully, and recklessly driving his vehicle – purposefully gunning his engine while under a caution – sliding his vehicle at Decedent Kevin A. Ward, Jr.

52.     It was reasonably foreseeably that, by failing to operate his vehicle in a safe manner, and by failing to steer clear of Decedent Kevin A. Ward, Jr., and hitting the gas on a 700 horsepower sprint car, Defendant Stewart could strike, injure, and possibly kill Kevin A. Ward, Jr.

53.     Defendant Stewart's wanton, willful and reckless disregard for the safety of Decedent Kevin A. Ward, Jr., and in particular, Stewart's failure to steer clear of Ward while all other drivers remained a safe distance from Decedent, and hitting the gas on a 700 horsepower sprint car, proximately caused the untimely death of Kevin A. Ward, Jr.

54.     As a result of Defendant Stewart's gross negligence and wanton, willful and reckless disregard for the safety of Kevin A. Ward, Jr., Decedent and his Estate have suffered actual damages.

55.     The clear and convincing evidence in this case will demonstrate that Defendant acted with gross negligence in that when viewed objectively from the standpoint of the Defendant at the time of the occurrence, there was an extreme degree of risk considering the probability and magnitude of potential harm to others, and of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with indifference to the rights, safety, or welfare of others, including the Plaintiff. Therefore, punitive damages are sought and should be assessed against Defendant.

**WHEREFORE**, the Plaintiffs, as Administrators, demand judgment against the Defendant, together with the costs and disbursements of this action as follows:

A.     Upon the first cause of action, judgment in favor of the Plaintiffs in a sum adequate to compensate the next-of-kin for their damages resulting from Decedent's wrongful death;

B.     Upon the second cause of action, judgment in favor of the Plaintiffs in a sum adequate to compensate the estate for the conscious pain and suffering and terror undergone by the Decedent prior to his death;

9

C.      Upon the third cause of action, judgment in favor of the Plaintiffs in a sum

adequate to account for Defendant's intentional/recklessness conduct; and

D.      Upon the fourth cause of action, judgment in favor of the Plaintiffs in a

sum adequate to account for Defendant's intentional/recklessness conduct.

Dated: New York, New York          **THE LANIER LAW FIRM, PLLC**
       August 4, 2015

W. MARK LANIER, ESQ.
JUDSON WALTMAN, ESQ.
RICHARD D. MEADOW, ESQ.
EVAN M. JANUSH, ESQ.
126 East 56th Street, 6th Floor
New York, NY 10022
(212) 421-2800
(212) 421-2878 (f)
wml@lanierlawfirm.com
jaw@lanierlawfirm.com
rdm@lanierlawfirm.com
emj@lanierlawfirm.com

10

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF LEWIS

KEVIN A. WARD, SR. and PAMELA WARD, INDIVIDUALLY
AND AS ADMINISTRATORS OF THE ESTATE OF KEVIN A.
WARD, JR., DECEASED

Plaintiffs,

-against-

ANTHONY WAYNE STEWART

Defendant.

SUMMONS & COMPLAINT

The Lanier Law Firm
Attorneys for Plaintiffs
126 East 56th Street, 6th Floor
New York, New York 10022
Tel.: 212-421-2800
Fax: 212-421-2878

To
Attorney(s) for DEFENDANT ANTHONY WAYNE STEWART

Service of a copy of the within
is hereby admitted.
Dated, August ___ 2015
...................................