UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN A. WARD, SR. and PAMELA WARD,
INDIVIDUALLY AND AS ADMINISTRATORS
OF THE ESTATE OF KEVIN A. WARD, JR.,
DECEASED,

        Plaintiffs/Counterclaim Defendants,

**Civ. Action No. 7:15-cv-01023, DNH-TWD**

v.

ANTHONY WAYNE STEWART,

        Defendant/Counterclaim Plaintiff.

## JOINT MOTION TO VACATE OR CONTINUE IN-PERSON SETTLEMENT HEARING

On April 2, 2018, this Court issued a "Text Notice of In Person Settlement Hearing", directing the parties to attend an in-person settlement hearing on April 12, 2018, "and place the terms and conditions of the settlement on the record." The Parties hereby request that the Court vacate or continue the hearing, as they have executed a confidential settlement agreement for which no further action by this Court is required.

First, under the relevant New York statute, a court is authorized to approve a wrongful-death settlement only upon "the application of an administrator . . . or a personal representative." N.Y. Est. Powers & Trusts Law § 5-4.6(a). Here, no such application is pending. Moreover, Plaintiffs have already initiated the Surrogate's Court process for approval, as authorized by New York law. *Id.* § 5-4.6(e) ("Nothing in this section shall be deemed to preclude the attorney for the personal administrator or personal representative from petitioning the surrogate's court for approval of a compromise and for allocation and distribution thereof.").

Second, Local Rule 41.1 authorizes this Court to approve a settlement only in a case where "required by statute" to "apportion the proceeds of the action." Here, the Court is not required by statute to apportion proceeds, because Plaintiffs are the only distributees, and there is no petition or motion before this Court for such apportionment. Moreover, even if apportionment were required, the Surrogate's Court is the appropriate forum to determine "the issues of allocation and distribution of proceeds and related matters." *Conejero v. LaJam*, 190 Misc. 2d 393, 398 (N.Y. Sup. Ct. 2002).

Third, court approval is not required for the settlement agreement in this case. Under New York law, a wrongful-death claim exists solely for the benefit of the decedent's distributees. *Bell v. Jolly*, 173 Misc. 2d 273, 276 (N.Y. Sup. Ct. 1997). Thus, court approval of a wrongful-death settlement is ***not*** required where "all the persons for whose benefit the action is brought (the decedent's distributees) are adults and where all such distributees execute general releases of their claims." *Id.*; *Casey v. Ryder Truck Rental, Inc.*, 2005 WL 1150228, at *17 (E.D.N.Y. May 16, 2005) (same). That is the case here, as Plaintiffs (the decedent's parents) are the only distributees—*i.e.*, the persons for whose benefit the action was brought—and they have executed general releases of their claims.

Fourth, the terms of the Parties' settlement agreement are confidential, and "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (holding that district court abused its discretion in disclosing confidential settlement amount).

Finally, an in-person settlement hearing would result in inconvenience and significant costs, including travel costs and attorney's fees, for the Parties. In light of the foregoing, such costs and inconvenience are unnecessary to the resolution of this case.

For all of the foregoing reasons, the Parties respectfully request that this Court vacate or continue the in-person settlement hearing until such time as the Parties file their joint stipulation of dismissal.

DATED:	April 10, 2018

By:	/s/*Judson Waltman*
Judson Waltman
Texas State Bar No.: 00797621
Benjamin T. Major
Texas State Bar No.: 24074639
Lanier Law Firm, P.C.
P.O. Box 691448
6810 FM 1960 West (77069)
Houston, Texas 77269-1448
(713) 659-5200
(713) 659-2204 (f)
Jud.waltman@lanierlawfirm.com
Ben.major@lanierlawfirm.com

W. Mark Lanier, Esq.
Richard D. Meadow, Esq.
Evan M. Janush, Esq.
Zarah Levin-Fragasso, Esq.
Lanier Law Firm, P.C.
126 East 56th Street, 6th Floor
New York, NY 10022
(212) 421-2800
(212) 421-2878 (f)
wml@lanierlawfirm.com
rdm@lanierlawfirm.com
Zarah.levin-fragasso@lanierlawfirm.com

**Attorneys for Plaintiffs/Counterclaim Defendants Kevin A. Ward, Sr. and Pamela Ward**

By:	/s/*Richard A. Smikle*
Richard A. Smikle, Esq.
Angela P. Krahulik, Esq.
Eric J. McKeown, Esq.
ICE MILLER LLP
One American Sq., Ste. 2900
Indianapolis, Indiana 46282
317-236-2100
*Admitted pro hac vice*

Brian D. Gwitt, Esq.
350 West Main Street
Suite 1900
Buffalo, New York  14202
716-248-3213


**Attorneys for Defendant/Counterclaim Plaintiff Anthony Wayne Stewart**

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon counsel of record by the Court's electronic filing system on the 10th day of April, 2018:

                                                                                  /s/*Eric J. McKeown*